Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 984 | **DATE** | 4/1/2003 |
| **CASE TITLE** | El-Khader vs. Perryman | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss for lack of subject matter jurisdiction (R-21) is granted and Plaintiff's case is dismissed with prejudice. Plaintiff's Memorandum Relating to Exhaustion of Administrative Remedies (R-19) is denied as moot. Status hearing set for 4/2/03 is stricken. Any other pending dates are stricken. Any pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices: 2 | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | 25 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/1/2003 | |
| TH✓ | courtroom deputy's initials | date mailed notice / TH / mailing deputy initials | |

Date/time received in central Clerk's Office

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HANI EL-KHADER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02 C 984 |
| | ) |
| BRIAN PERRYMAN, District Director | ) |
| of the Immigration and Naturalization Service, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge

Plaintiff has filed a third amended complaint seeking judicial review of the decision to revoke a visa petition filed on his behalf. Defendant seeks to dismiss the complaint on the grounds that the Court does not have jurisdiction to consider the claim. Defendant further argues that Plaintiff must exhaust his administrative remedies before proceeding before this Court, and that he has failed to do so. For the reasons set forth below, Defendant's motion to dismiss is granted.

## FACTUAL BACKGROUND

Plaintiff Hani El-Khader is an applicant for permanent resident status with the Immigration and Naturalization Service ("INS"). Defendant Brian Perryman is the District Director of the INS office in Chicago, Illinois where El-Khader's case is pending.

On May 9, 1997, Plaintiff married Nadia Muna. Based upon his marriage, he filed a petition for permanent residence status in the United States. On October 27, 1998, El-Khader and Muna divorced. In light of the divorce, the INS denied his petition on May 13, 1999.

25

On April 1, 1998, Ameritrust Mortgage Corporation filed an Immigrant Petition for Alien Worker on behalf of Plaintiff seeking residence for the Plaintiff in the United States pursuant to the Immigration and Nationality Act. Ameritrust was El-Khader's employer. On August 18, 1998, the INS approved Ameritrust's petition on behalf of El-Khader. Once he obtained this approval, he was eligible to apply for permanent resident status in the United States.

On September 4, 1998, Plaintiff filed an application for permanent residence status in the United States with the INS's Nebraska Service Center based on Ameritrust's approved petition. This application is known as an "adjustment of status application." On February 3, 2000, the Nebraska Service Center informed Plaintiff that it was transferring his application to the Chicago INS "in order to speed processing." The Chicago INS thereafter instituted an investigation to determine whether El-Khader was qualified for the permanent resident visa.

As part of its investigation, the INS concluded that Plaintiff's marriage to Ms. Muna was a sham. On December 5, 2001, the INS informed Plaintiff that it intended to revoke the approved petition Ameritrust received on Plaintiff's behalf on the basis that El-Khader had previously entered into a marriage for the purpose of evading the immigration laws. The INS also denied his accompanying adjustment of status application on the same day. On May 14, 2002, Ameritrust and Plaintiff responded to the INS's notice of its intent to revoke his visa petition arguing that his marriage was legitimate.

On November 1, 2002, Defendant Perryman informed El-Khader that his visa petition would be revoked. Perryman informed El-Khader that the INS was revoking the Petition for Skilled Worker or Professional filed on El-Khader's behalf pursuant to Section 205.2 of the Immigration and Naturalization Act because the INS's investigation revealed that "the marriage

between Mr. El-Khader and Ms. Muna was a sham and was entered into for the purpose of procuring an immigration benefit." The INS concluded that El-Khader failed to provide any evidence establishing that his marriage was bona fide. Perryman noted "[e]ven though the marriage was an arranged marriage, Mr. El-Khader failed to establish any commitment to his marital union other than filing for adjustment of status." Accordingly, the INS revoked his petition.

Plaintiff did not file an administrative appeal of Perryman's decision. Plaintiff now seeks this Court's review of the INS' decision under the Administrative Procedure Act.

## ANALYSIS

### I. LEGAL STANDARD

On November 14, 2002, at the Court's direction, Plaintiff filed a memorandum with the Court arguing that he had exhausted his administrative remedies and was properly before the Court. The INS subsequently responded to the Plaintiff's memorandum in what amounts to a motion to dismiss the case for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). Defendant argues that the Court does not have jurisdiction to hear this case, and even if it did, Plaintiff failed to exhaust his administrative remedies thus he is not properly before the Court. Plaintiff thereafter responded to the motion.

The standard for Rule 12(b)(1) and Rule 12(b)(6) motions is similar. The Court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). As the Seventh Circuit recently noted, "if the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction, the movant may

use affidavits and other material to support the motion." *United Phosphorus, Ltd. v. Angus Chemical Co.*, No. 01-1693, 2003 WL 910592 at *2 (7th Cir. Mar. 10, 2003). *See also United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion. *United Phosphorus*, 2003 WL 910592 at *2.

## II.   JURISDICTION

The Court must first determine if it has subject matter jurisdiction to hear this case. The federal courts are courts of limited jurisdiction. "It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) (*quoting Steel C. v. Citizens for a Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.E.2d 210 (1998)).

Defendant argues that this Court does not have jurisdiction pursuant to Section 1252(a)(2)(B)(ii) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("the IIRIRA") because the Attorney General, through District Director Brian Perryman of the INS, acted within his discretion in revoking the visa petition. Plaintiff contends that Section 1252 does not apply to this case because that section only applies to removal proceedings and the INS' decision was not discretionary.

4

A.  The Scope of Section 1252(a)(2)(B)(ii)

Section 1252(a)(2)(B)(ii) provides:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review . . . any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii).

As an initial matter, the reference to the phrase "under this title" in Section 1252(a)(2)(B)(ii) encompasses decisions made under Subchapter II of Chapter 12 of Title 8 United States Code, and includes decisions made under 8 U.S.C. §§ 1151 through 1378. *See Avramenkov v. Immigration & Naturalization Service*, 99 F.Supp.2d 210, 213 (D. Conn. 2000). Because the District Director made his decision to revoke Plaintiff's visa petition pursuant to Section 1155, it clearly falls within the reach of Section 1252( a)(2)(B)(ii). Accordingly, the Court must turn to the scope of Section 1252(a)(2)(B)(ii) to determine if it has jurisdiction to proceed.

Section 1252(a)(2)(B)(ii) limits a court's jurisdiction. The first issue the Court must decide is whether this judicial stripping provision applies outside of final orders of removal issued by the INS. The Seventh Circuit has not addressed this issue. In *Iddir v. INS*, the Seventh Circuit recognized that there is a split among courts addressing this issue, but concluded that the dispute was "beyond the scope of [the court's] narrow inquiry." 301 F.3d 492, 497 n.1 (7th Cir. 2002).

The plain language of Section 1252(a)(2)(B)(ii), however, demonstrates that it is not limited simply to orders of removal. The statute strips a court's jurisdiction to review "**any**

**other decision or action** . . . where the Attorney General has discretionary authority." 8 U.S.C. §1252(a)(2)(B)(ii). The meaning of the statute is clear and unambiguous -- it precludes the courts from reviewing any discretionary decision of the INS. *See CDI Information Services, Inc. v. Reno*, 278 F.3d 616, 619 (6th Cir. 2002).

The Court is not persuaded by Plaintiff's argument that the Section's title -- "Judical review of orders of removal title" -- limits its scope. First, Section 1252 speaks to a "multitude of jurisdictional issues, including ones that are collateral to the review of a final order of a deportation." *Van Dinh v. Reno*, 197 F.3d 427, 432 (10th Cir. 1999). Second, the Supreme Court has explained that "Where the text [of a statute] is complicated and prolific, headings and titles can do no more than indicate the provisions in a most general manner. . . . For interpretative purposes, they are of use only when they shed light on some ambiguous word or phrase. They are but tools available for the resolution of a doubt. But they cannot undo or limit that which the text makes plain." *Trainmen v. Baltimore & Ohio R.R.*, 331 U.S. 519, 528-29, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947). *See also CDI Information Services*, 278 F.3d at 620; *Van Dinh*, 197 F.3d at 432.

Accordingly, the Court finds that the judicial review limitations in Section 1252 are not limited to those made in removal proceedings. *See CDI Information Services*, 278 F.3d at 620 (Section 1252(a)(2)(B)(ii) is "not limited to discretionary decisions made within the context of removal proceedings"); *Van Dinh*, 197 F.3d at 432 ("§1252(a)(2)(B)(ii) is not limited in application only to review by the circuit courts of final orders of removal"); *ANA International, Inc. v. Way*, No. Civ. 02-479-BR,2002 WL 31971575 at *15 (D. Or. Dec. 6, 2002) ("Section 1252(a)(2)(B)(ii) expressly precludes judicial review of discretionary decisions of the Attorney

General made pursuant to his authority under the INA"); *Avramenkov v. INS*, 99 F.Supp.2d 210, 214 (D. Conn. 2000) (Section 1252(a)(2)(B)(ii) "is not limited to final orders of deportation"); *Curri v. Reno*, 86 F.Supp.2d 413, 419 (D.N.J. 2000) (same). *But see Talwar v. INS*, No. 00 Civ. 1166 JSM, 2001 WL 767018 (S.D.N.Y. July 9, 2001) (holding that Section 1252(a)(2)(B)(ii) is limited to orders of removal); *Shanti v. Reno*, 36 F.Supp.2d 1151, 1157-60 (D. Minn. 1999) (same).

### B. The Discretionary Nature of the INS's Actions

Having concluded that Section 1252(a)(2)(B)(ii) divests the Court of jurisdiction to hear the case if the INS's actions were discretionary, the Court now turns to whether the actions in this case were in fact discretionary. Plaintiff argues that the INS's actions under Section 1155 were factual determinations, not discretionary ones. Plaintiff argues that the INS' decision was not discretionary because the INS revoked Plaintiff's visa petition based on its factual finding that Plaintiff committed marriage fraud. This factual finding, according to Plaintiff, nullifies the INS' discretion.

Section 1155 provides that "[t]he Attorney General may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title." 8 U.S.C.A. § 1155. The plain language of this provision gives the Attorney General discretion to revoke a petition when he deems it appropriate based on good and sufficient cause. "[N]o strict standards exist to determine when 'good and sufficient cause' is present." *Systronics Corp. v. INS*, 153 F.Supp.2d 7, 12 (D.D.C. 2001).

Plaintiff suggests that 8 U.S.C. § 1154(c) provides the Court with a standard to review decisions under Section 1155. Section 1154(c) provides that "no petition shall be approved if . . .

7

the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c). Plaintiff contends that Section 1154(c) limits the INS' authority to deny a petition to those cases where it determines that an alien entered into a marriage for the purpose of evading the immigration laws.

The Court is not persuaded by this argument. Section 1154(c) does not address the **revocation** of a petition, it only applies to the **denial** of a petition. The INS' reference to the marriage fraud provision of Section 1154(c) as the basis for its "good and sufficient" cause does not alter the fact that the INS revoked the visa petition based on its authority under Section 1155. *See ANA International*, 2002 WL 31971575 at *15 ("The INS's determination to revoke for good and sufficient cause its prior approval of Plaintiff ANA's immigrant visa petition on behalf of Plaintiff Yu [pursuant to Section 1155] was a discretionary decision. The Court, therefore, lacks subject matter jurisdiction to review that decision pursuant to § 1252(a)(2)(B)(ii).").

The INS exercised its discretion in revoking Plaintiff's visa petition pursuant to Section 1155, and thus, the Court does not have jurisdiction to hear Plaintiff's case.[1]

---

[1] Defendant also argues that this Court does not have jurisdiction pursuant to Section 1252(g) of the Illegal Immigration and Nationality Act, and that the this Court lacks jurisdiction because Plaintiff failed to exhaust his administrative remedies. Because this Court concludes that it lacks jurisdiction to review the INS' decision in light of Section 1252(a)(2)(B)(ii), the Court need not address these arguments.

## CONCLUSION

Because this Court lacks jurisdiction in light of Section 1252(a)(2)(B)(ii), Defendant's motion to dismiss is granted. Plaintiff's complaint is dismissed with prejudice.

DATED: April 1, 2003

_____
AMY J. ST. EVE
United States District Court Judge